IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN PURDIE, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 23-CV-1062 |
| : | |
| SERGEANT BARMORE, *et al.* : | |
|     Defendants. : | |

<u>MEMORANDUM</u>

SÁNCHEZ, C.J.                                                                                          APRIL 18, 2023

  *Pro se* Plaintiff Shawn Purdie is a prisoner currently housed at Riverside Correctional Facility.[1] He filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that while housed at Curran-Fromhold Correctional Facility ("CFCF"), a correctional officer failed to protect him from attack by other inmates and a sergeant denied him medical care for injuries he sustained in the attack. Purdie seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Purdie leave to proceed *in forma pauperis* and dismiss his Complaint in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because some of Purdie's claims will be dismissed without prejudice, he will be granted the option of proceeding only on the claim the Court concludes passes statutory screening or filing an amended complaint to attempt to cure the defects discussed below.

I.  FACTUAL ALLEGATIONS

---

[1] At the time he filed the Complaint, Purdie was a pretrial detainee. After a trial held in October 2022, Purdie was found guilty of various crimes, and sentenced on April 14, 2023. *See Commonwealth v. Purdie*, CP-51-CR-0006506-2021, CP-51-CR-00000033-2020 (C.P. Phila.). Because the events giving rise to Purdie's claims occurred before he was convicted and sentenced, the Court will apply § 1983 standards applicable to pretrial detainees.

Purdie alleges that on August 22, 2022, he was housed in Unit D-1 Pod 4, which was part of the protective custody unit at CFCF. (Compl. at 4.)[2] During Purdie's time housed in the protective custody unit, "regular population inmates" were housed on the bottom tier of the pod while protective custody inmates were housed on the top tier. (*Id*. at 3.) According to Purdie, Philadelphia Department of Prison rules required that regular population inmates had to be kept separated from the protective custody inmates. (*Id*.) For example, prior to letting protective custody inmates out of their cells for recreation time, all cell doors of the regular population inmates had to be secured by the officer in charge of the unit. (*Id*.) On August 22, 2022, Defendant D. Stokes, a correctional officer, was allegedly in charge of the D-1 Pod. (*Id*.) At 4:10 p.m., when the protective custody inmates were let out of their cells for recreation time, plaintiff was "violently attacked" by two regular population inmates housed on the bottom tier. (*Id*. at 4, 5.) Purdie alleges that Stokes "breached his duty" by failing to ensure that all bottom tier cell doors were locked prior to letting the protective custody inmates out of their cells. (*Id*. at 4.)

Purdie alleges that he "suffered neck, back, and knee injuries due to the violent attack" by the regular population inmates. (*Id*.) Purdie also alleges that Defendant Sergeant Barmore, who was the Supervisor over the D Building where Purdie was housed, and who knew that Purdie was injured form the attack "denied [Purdie's] request to be taken to medical for medical treatment." (*Id*. at 4-5.) Prior to being placed in protective custody, Purdie allegedly submitted a written statement to Sergeant Parbon stating that he "has concern for his own life and safety in

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

the prison."[3]  (*Id.*)  Based on these allegations, Purdie asserts constitutional claims for failure to protect and denial of medical care under § 1983 and seeks money damages.[4]

## II.  STANDARD OF REVIEW

The Court will grant Purdie leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[5]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

---

[3] Sergeant Parbon is not named as a Defendant.

[4] For relief, Purdie also requests a "declaration that the acts and omissions described" in his Complaint violate his constitutional rights.  Purdie's request for a declaration is not appropriate based on the allegations in the Complaint.  This is because a "[d]eclaratory judgment is inappropriate solely to adjudicate past conduct," and is also not "meant simply to proclaim that one party is liable to another."  *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").  Because Purdie's request for a declaration only seeks to adjudicate past conduct, it will be dismissed.
    Purdie also requests unspecified injunctive relief, citing *inter alia* Federal Rule of Civil Procedure 65.  (*See* Compl. at 1.)  A plaintiff seeking injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).  It is not clear to the Court what conduct Purdie seeks to enjoin.  He complains only about Defendants' past conduct.  Accordingly, his request for an injunction will also be dismissed.
    Finally, although Purdie uses the term "breach of duty" in alleging claims against Stokes, § 1983 claims may not be predicated on a state actor's mere negligence, *Canton v. Harris*, 489 U.S. 378, 387 (1989), and there is no indication in his civil rights Complaint that he intended to assert a state law claim for negligence.

[5] Because Purdie is a prisoner, he must still pay the $350 filing fee in installments as mandated by the Prison Litigation Reform Act.

3

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Purdie is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.   DISCUSSION

Purdie asserts constitutional claims for failure to protect against Stokes and for the denial of medical care against Sergeant Barmore. Both claims are asserted under § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A.   Official Capacity Claims

Purdie names Stokes and Sergeant Barmore in their official as well as individual capacities. (*See* Compl. at 2.) Claims against CFCF prison officials are indistinguishable from claims against the municipality that employs them, here Philadelphia County. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting

*Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n.55 (1978)).  Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*.

To plead a § 1983 claim against a municipal entity, a plaintiff must allege that the municipal entity's policy or custom caused the violation of his constitutional rights.  *See Monell*, 436 U.S. at 694.  "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was."  *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).  "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'"  *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)).  "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'"  *Id*. (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).  To the extent that Purdie seeks damages against Sergeant Barmore and Stokes in their official capacities, he has failed to state a plausible *Monell*/official capacity claim.  Nowhere in the Complaint does Purdie allege a municipal policy or custom, or that such a policy or custom caused his constitutional harm.  Rather, he appears to allege he was harmed because the Defendants failed to follow policies.  Accordingly, all official capacity claims against Sergeant Barmore and Stokes will be dismissed without prejudice.

    **B.**    **Failure to Protect Claim against Stokes**

Purdie asserts an Eighth Amendment failure to protect claims against Stokes.  However, because Purdie was a pretrial detainee when the incident he describes in his Complaint occurred, the Eighth Amendment is not applicable.  Instead, Purdie must seek relief under the Due Process Clause of the Fourteenth Amendment.  *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005)

(holding that the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees). However, courts have determined that the rights afforded pretrial detainees under the due process clause are at least as great as those afforded by the Eighth Amendment. *See Simmons v. City of Philadelphia*, 947 F.2d 1042, 1067 (3d Cir. 1991). Therefore, courts analyzing cases by pretrial detainees apply the same standard of deliberate indifference applied to the Eighth Amendment cases. *Id*.

Purdie alleges that Stokes failed to ensure that all bottom-tier cell doors belonging to the regular population inmates on the D-1 Pod were secured prior to letting the top-tier protective custody inmates out of their cells for recreation time. Prison officials have a duty to take reasonable measures to guarantee the safety of the inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (internal quotation and citation omitted). In that regard, prison officials have a duty "'to protect prisoners from violence at the hands of other prisoners.'" *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer*, 511 U.S. at 833). "Still, not 'every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety.'" *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (quoting *Farmer*, 511 U.S. at 834).

To state a plausible failure to protect claim, Purdie must allege that: (1) the conditions in which he was incarcerated posed a substantial risk of serious harm; (2) prison officials acted with deliberate indifference to that substantial risk of serious harm; and (3) the officials' deliberate indifference caused harm. *See Farmer*, 511 U.S. at 834; *Hamilton*, 117 F.3d at 746; *see also Burton v. Kindle*, 401 F. App'x 635, 638 (3d Cir. 2010) (applying deliberate indifference standard to failure to protect claim asserted by pretrial detainee). Deliberate indifference is a subjective standard. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001). Purdie must

allege that the prison officials "knew or were aware of and disregarded an excessive risk to [his] health or safety." *Id*. at 135. "[I]t is not sufficient that the official should have been aware" of the excessive risk. *Id*. at 125.

Purdie's allegations, as pled, fail to state a plausible failure to protect claim. First, Purdie does not allege sufficient facts to raise a plausible inference that Stokes knew of and disregarded an excessive risk to his safety. He alleges only that prior to being placed in protective custody, he submitted a written statement to Sergeant Parbon that he "was concerned for his own life and safety." (Compl. at 4.) Purdie does not allege that Stokes was aware of the content of that statement, and whether his concern was specifically for other inmates housed on the D-1 Pod, including the regular population inmates. Simply being housed in protective custody does not, by itself, put Stokes on notice that Purdie faced an excessive risk to his safety from the other inmates housed on the D-1 Pod. *See, e.g.*, *Harriell v. Cuzzupe*, No. 22-3268, 2022 WL 3703205, at *2 (D.N.J. Aug. 26, 2022) (dismissing failure to protect claim based on allegations that correctional officer opened the cell door of an inmate who attacked the plaintiff housed in protective custody where the complaint fails to allege sufficient information about the officer's knowledge of the risk of serious harm). Without additional information about Stokes's knowledge of any risk of harm to Purdie, the Court is unable to discern a plausible constitutional violation. Accordingly, the failure to protect claim against Stokes is dismissed without prejudice.

C.      **Claims for the Denial Medical Care**

Purdie also asserts a claim against Sergeant Barmore for the denial of medical care.[6] To

---

[6] Although Purdie again cites the Eighth Amendment, his claim is properly construed under the Fourteenth Amendment since he was a pretrial detainee when the incident occurred. However, the legal analysis of the claim is the same. *See Moore v. Luffey*, 767 F. App'x 335,

7

state a constitutional claim based on the failure to provide medical care, a pretrial detainee must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer*, 511 U.S. at 835. A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Furthermore, "[a] medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).

      Purdie alleges that after the "violent attack" by two regular population inmates housed on the D-1 Pod, during which he suffered "neck, back, and knee injuries," Sergeant Barmore "denied [his] request to be taken to medical for medical treatment." (Compl. at 4-5.) Purdie also alleges that Sergeant Barmore was aware that he was injured after the attack but nevertheless refused to send him for medical treatment. (*Id*. at 5.) Based on these allegations, Purdie has stated a plausible Eighth Amendment claim against Sergeant Barmore. This claim passes statutory screening and will be served for a responsive pleading.

---

340 n.2 (3d Cir. 2019) (holding that the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis).

IV.     CONCLUSION

For the foregoing reasons, the Court will grant Purdie leave to proceed *in forma pauperis* and dismiss his Complaint in part without prejudice.  Purdie's claim for the denial of medical care against Sergeant Barmore passes statutory screening and will be served for a responsive pleading.  The remainder of Purdie's claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Considering Purdie's *pro se* status, he will be given the option of filing an amended complaint in the event he can address the defects the Court has noted.  In the alternative, Purdie may advise the Court that he seeks to proceed only on the claim that passes statutory screening.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
**JUAN R. SÁNCHEZ, C.J.**