## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN PURDIE, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 23-CV-1062 |
| : | |
| SERGEANT BARMORE, *et al*. : | |
|     Defendants. : | |

### ORDER

AND NOW, this 18th day of April, 2023, upon consideration of Plaintiff Shawn Purdie's Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statement (ECF No. 5), and his *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Shawn Purdie, #1047805, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Riverside Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Purdie's inmate account; or (b) the average monthly balance in Purdie's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Purdie's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Purdie's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of the Riverside Correctional Facility.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED IN PART WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum, as follows:

   a. All claims against Defendant D. Stokes and the official capacity claims against Defendant Sergeant Barmore are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

   b. Stokes's requests for a declaration and for injunctive relief are **DISMISSED WITHOUT PREJUDICE.**

6. Purdie may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Purdie's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Purdie should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. The amended complaint must include all of the bases for Purdie's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. **For example, Purdie must include in any amended complaint the allegations supporting his § 1983 claim for the denial of medical care against Sergeant Barmore if he seeks to proceed on that claim**. Claims that are not included in the amended complaint will not be considered

part of this case. When drafting his amended complaint, Purdie should be mindful of the Court's reasons for dismissing the claims in his Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7.     The Clerk of Court is **DIRECTED** to send Purdie a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Purdie may use this form to file his amended complaint if he chooses to do so.[1]

8.     If Purdie does not file an amended complaint, the Court will direct service of his Complaint on **only** Defendant Sergeant Barmore as to the § 1983 claim for the denial of medical care, as described in the Court's Memorandum. Purdie may also notify the Court that he seeks to proceed on this claims rather than file an amended complaint. If he files such a notice, Purdie is reminded to include the case number for this case, 23-1062.

9.     The Clerk of the Court is **DIRECTED** to send Purdie (1) a copy of this Memorandum and Order, and (2) a copy of Complaint in this case (ECF No. 2).

10.    The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

                                    **BY THE COURT:**


                                    **/s/ Juan R. Sánchez**
                                    **JUAN R. SÁNCHEZ, C.J.**

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.